IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GORDON C. REID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-1416-M |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

### I. Background.

Gordon Reid (Plaintiff), a federal prisoner proceeding pro se and in forma pauperis, is seeking monetary relief against the United States (Defendant) for injuries he allegedly sustained during an assault by another prisoner. Doc. 1. Plaintiff proceeds under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and maintains that Defendant knew of the risk of such an assault, yet placed the other prisoner "within reasonable proximity to Plaintiff . . . ." *Id.* at 1, 2.

Defendant has moved for dismissal of the complaint asserting in part that this Court lacks subject matter jurisdiction over the matter because Plaintiff's claim was not "presented in writing to the appropriate Federal agency within

two years after such claim accrue[d] . . . ." 28 U.S.C. § 2401(b); *see* Doc. 19, at 1, 3-5.[1] According to Defendant, Bureau of Prison records show that Plaintiff was involved in an altercation with another inmate on September 22, 2010, and, thus, the claim accrued as of that date. Doc. 19, at 3. Nonetheless, Plaintiff did not file a claim with a federal agency until sometime in November 2012. *Id.* at 4.

In response, Plaintiff "concurs with Defendant's assertion that the attack giving rise to the . . . claim occurred on September 22, 2010." Doc. 43, at 3. Similarly, he concedes he did not file a claim until November 2012. *Id.* at 4. He maintains, however, that "[a]lthough it appears that . . . Plaintiff filed his [claim] after the two year limitation period expired . . . [certain] periods are excludable . . . under the doctrine of equitable tolling where Defendant made material representations with respect to filing [a claim], and denied Plaintiff of any means with which to discover the truth . . . ." *Id.* at 4-5. Plaintiff also asserts entitlement to equitable estoppel, arguing that Bureau of Prison officials intentionally misled him by advising that he had to use a particular form – a Standard Form 95 – to file a FTCA claim but then denied him access to the requisite document. *Id.* at 10. And, according to Plaintiff, "to add insult to

---

[1] In light of the recommended disposition of this matter, this report does not consider if the complaint fails to state a claim upon which relief may be granted, Defendant's second contention.

2

injury, the Bureau went so far as to deprive [him] of even the means to discover the truth by denying him access to a law library." *Id.*

In reply, Defendant argues that the FTCA limitation period is not subject to equitable tolling and, even if it were, Plaintiff has failed to establish his entitlement to tolling. Doc. 47, at 2. Defendant does not separately address Plaintiff's equitable estoppel assertion.

United States District Judge Vicki Miles-LaGrange has referred the matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C), and it is now before the undersigned Magistrate Judge. For the following reasons, the undersigned recommends that the action be dismissed without prejudice for lack of subject matter jurisdiction.

## II. Analysis.

### A. The equitable doctrines at issue.

#### 1. Equitable estoppel.

Obtaining equitable estoppel against the federal government requires: (1) "the party to be estopped must know the facts"; (2) that the party must intend that its "conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended"; (3) the party asserting the estoppel "must be ignorant of the true facts"; and (4) the party asserting the estoppel "must rely on the former's conduct to his injury." *Lurch v. United*

*State*s, 719 F.2d 333, 341 (10th Cir. 1983) (citation omitted). And, a showing of affirmative misconduct is necessary to estop the government. *Id*. n.12.

### 2. Equitable tolling.

"'Equitable tolling' of a statute means only that the running of the statute is suspended . . . ." *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994). "[A] claim accrues as soon as the plaintiff has had a reasonable opportunity to discover all the essential elements of the cause of action . . . ." *Trobaugh v. United States,* 35 F. App'x 812, 815 (10th Cir. 2002). Neither equitable estoppel nor equitable tolling applies "where the plaintiff knows of the elements of his cause of action." *Id.*

### B. Construction of the parties' arguments as to the application of equitable doctrines.

As noted, Defendant does not specifically refer to Plaintiff's premise that, owing to Defendant's alleged misconduct – advising Plaintiff that he must file a FTCA claim on a specific form but depriving him of both the form and of library access so that he could discover the true filing requirements, Doc. 43, at 10 – Defendant should be equitably estopped from raising the statute-of-limitations as a defense. Doc. 47. Instead, Defendant opposes Plaintiff's claim of entitlement to equitable *tolling* and his separate assertion of equitable estoppel under the single label of "equitable tolling."

As the undersigned has noted, "equitable tolling should be distinguished from equitable estoppel. Equitable estoppel is applied if a defendant takes active steps to prevent a plaintiff from suing in time . . . . Equitable tolling of the limitations period is appropriate if a plaintiff is unable to obtain *information surrounding the claim* despite due diligence." *Schloesser v. Kan. Dep't of Health & Env't*, No. 92-3079, 1993 WL 11375, at *1 n.1 (10th Cir. Apr. 12, 1993) (unpublished op.) (emphasis added). *Bass v. Potter*, 522 F.3d 1098, 1106 (10th Cir. 2008) ("Equitable tolling, unlike equitable estoppel, 'does not require any misleading conduct by the defendant, only that the circumstances be such that the plaintiff could not reasonably have been expected to act within the deadline.'") quoting *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 779 (7th Cir. 2000))); *Shields v. Boettcher Inv. Corp.,* No. 92-2291, 1993 WL 482902, at *3 (10th Cir. Nov. 22, 1993) ("While equitable tolling focuses on when the statute of limitations begins to run, "[e]quitable estoppel acknowledges that the statute has run, but is invoked to estop the defendant from asserting the defense because defendant's actions lulled the plaintiff into forbearing from bringing suit within the period of limitations.").

Despite the inherent difference between Plaintiff's claims for equitable relief, his argument under both theories is the same: the Defendant misled him and prevented him from filing his tort claim in a timely manner. As such, the

5

Defendant should be estopped from raising the statute of limitations defense.

So, Plaintiff maintains that the running of the statute of limitations should be tolled – stopped – during certain periods of his incarceration. But, Plaintiff does not deny his awareness of the *factual basis* of his cause of action. *See* Docs. 43, 44. And, "equitable tolling is not applicable where the plaintiff knows of the elements of his cause of action." *Trobaugh*, 35 F. App'x at 815. This report refers to Plaintiff's two claims for equitable relief as "equitable tolling," a construction in keeping with the Supreme Court's explanation of the limitations of the doctrine. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where . . . the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.").

### C. The law pertaining to the timeliness of a FTCA claim and to the application of equitable tolling.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). This immunity is jurisdictional. *Id.* The FTCA supplies a limited waiver of such immunity and gives federal courts jurisdiction over claims against the government for injury "caused by the negligent or wrongful act or omission of any employee of the Government . . . under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

"As a threshold matter, timeliness 'is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and [a federal] court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b).'" *Harvey v. United States*, 685 F.3d 939, 947 (10th Cir. 2012) (quoting *Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004)). A FTCA claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). "Thus, if a litigant does not satisfy the timing requirement of § 2401(b), the district court must dismiss for lack of subject matter jurisdiction." *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003).

Adhering to a strict construction of the limitations period, the Tenth Circuit has squarely held that "[t]he limitation period in 28 U.S.C. § 2401(b) is not to be extended for equitable considerations." *Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983). Subsequent to *Anderberg*, in *Irwin*, the Supreme Court determined that in actions against the federal government, there is a "rebuttable presumption of equitable tolling" with regard to statutory limitations periods. 498 U.S. at 95-96. As the parties' briefing reflects, the Tenth Circuit

7

has assumed *Irwin*'s application. And, the Circuit concluded in one unpublished case that "the Supreme Court has clearly held [in *Irwin*] that statutes of limitations in suits against the government are subject to equitable tolling." *Moore v. U.S. Bureau of Prisons*, Nos. 91-3348, 92-3006, 1992 WL 236913, at *1 (10th Cir. Sept. 18, 1992) (unpublished op.) ("We regard *Irwin* . . . as being dispositive.").

Here, Defendant maintains that § 2401(b)'s two-year limitation period "is a jurisdictional requirement not subject to tolling," arguing that "*Irwin's* presumption applies *only* in those instances when a statutory limitation is *not* jurisdictional." Doc. 47, at 2, 3. In support, Defendant characterizes the Supreme Court's recent decision in *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013), as holding that there can be no equitable tolling if a statutory limitation is jurisdictional. *Id.* ("[W]ere we to type the governing statute . . . 'jurisdictional'" there could "be no equitable tolling." (citation omitted)). The undersigned concludes that to decide this case, "unravel[ling] this skein" is not necessary. *See, e.g., Sanchez v. United States*, 740 F.3d 47, 54 (1st Cir. 2014) ("The observation in *Sebelius* and like cases that labeling these deadlines 'jurisdictional' would preclude application of equitable tolling suggests that something must eventually give in our circuit's jurisprudence. The Supreme Court's most recent guidance on what is 'jurisdictional' suggests that we may

8

have erred in presuming that subject matter jurisdiction hinged on compliance with the FTCA's deadlines for presenting claims," and applying equitable tolling to a FTCA claim). For purposes of this report, the undersigned assumes the applicability of equitable tolling to the running of the FTCA's limitation period if a factual basis for tolling exists.

### D.  Whether Plaintiff is entitled to equitable tolling.

#### 1.  Procedure for making the determination.

Here, "Plaintiff agrees with defendant with respect to the assertion[] that . . . Rule 12(b)(1) of the Fed. R. Civ. P. permits the Court to look beyond pleadings when evaluating a factual challenge to the Court's jurisdiction based on defendant's contention Plaintiff untimely submitted his administrative tort claim . . . ." Doc. 43, at 2.

#### 2.  The parties' submissions.

##### a.  Plaintiff.

Plaintiff concedes that his claim arose on September 22, 2010, and that he failed to present the requisite administrative tort claim until over two years later. *Id.* at 4. Thus, absent equitable tolling, Plaintiff's FTCA claim is time-barred. Plaintiff contends that Defendant's conduct justifies equitable relief and supports his claim through the following averments made by affidavit. Doc. 44.

### i. September 22, 2010 through early 2012.

Plaintiff is silent, Docs. 43, 44, as to *any* active pursuit of his right to recovery from the day of the claimed assault on September 22, 2010, until "early 2012" when he "conduct[ed] research into the feasibility of filing a tort claim against the Federal Bureau of Prisons . . . and/or the United States Marshals Service related to [the altercation.]" Doc. 44, ¶ 3. According to Plaintiff, at the time he was conducting his research "[i]n early 2012," he "had no knowledge of either the elements of a federal tort claim . . . or the procedure for filing a claim other than on a Standard Form 95 (SF-95) in 2009 in relation to the earlier attacks." *Id.* ¶¶ 3, 4.

### ii. April 23, 2012 through July 18, 2012.

Plaintiff states that as of April 23, 2012, he was placed in segregation at USP Pollock and then immediately transferred to a special housing unit (SHU) at FCI Pollock, *id.* ¶ 12, and was "separated from . . . all of [his] legal records including [his] records and research (though incomplete) relating to this claim." *Id.* ¶ 13. Included in these records was "the address to the Office of General Counsel for the United States Marshals Service . . . against whom [he] intended to file a claim arising out of the events underlying the instant claim." *Id.* ¶ 16.

He refers to exhibits attached to his affidavit – sections from various inmate handbooks – and alleges that "[a]s of April 23, 2013, it was my

10

understanding based upon the inmate handbooks forced upon me by prison officials that 'an inmate must complete a Standard Form 95' to file a claim under the FTCA." *Id.* ¶ 14. He states that prisoners housed in SHU must obtain a Standard Form 95 from a unit staff member or, by written request, from the main law library. *Id.* ¶ 15. Additionally, as of April 23, 2012, Plaintiff avers that he "did not know with whom and where to file [his] claim against the Bureau [of Prisons]." *Id.* ¶ 17.

Plaintiff maintains that he made repeated oral and written requests at FCI Pollock from April 23, 2012 until July 18, 2012, "all to no avail," for: (1) a Standard Form 95; (2) the address of the General Counsel for the Marshal's Service; and (3) relevant mailing information pertaining to filing his claim. *Id.* ¶ 18. He claims his request for the needed information from his facility's law library went unanswered and that his requests to utilize a satellite law library for this purpose were denied. *Id.* ¶¶ 19-21.

### iii. July 18, 2012 to August 22, 2012.

Plaintiff avers that during this period – after a transfer back to the SHU at USP Pollock – his access to his personal property continued to be denied. *Id.* ¶¶ 22, 23. His requests for claim forms, information, and access to the SHU satellite law library were, likewise, denied. *Id.* ¶ 24.

11

### iv. August 22, 2012 to September 7, 2012.

According to Plaintiff, he was not given access to his personal property until August 22, 2012. *Id.* ¶ 23. He was then "placed in transit and moved from institution to institution across the United States without substantial access to [his] personal property, Unit Team, or a law library." *Id.* ¶ 25.

### v. September 7, 2012 to September 22, 2012.

Plaintiff avers that on his arrival at a new facility on September 7, 2012, he was advised yet again by inmate manual that prisoners must complete a Standard Form 95 in order to file a federal tort claim. *Id.* ¶ 26. He states that he made a prompt request to his unit counselor for the form and the mailing information. *Id.* ¶ 27. The counselor advised Plaintiff that he would look into it. *Id.* ¶ 28.

### vi. After September 22, 2012.

For the most part, Plaintiff's remaining averments concern events occurring after September 22, 2012, the two-year anniversary of the incident at FTC Oklahoma, and are, therefore, temporally irrelevant to the issue of whether Defendant prevented Plaintiff from filing his claim within the required two-year period. *Id.* ¶¶ 29-34, 36-37, 39, 41, 43. Nonetheless, the following averments by Plaintiff are of relevance.

Plaintiff states that sometime after October 25, 2012, "another prisoner

12

. . . provided [him] with an opportunity to peruse his personal copy of Program Statement No. 1320.06 (PS 1320.06)," *id.* ¶ 35, and, "as a result of information [he] learned from perusing the copy of PS 1320.06 [see ¶ 35, supra], . . . ." he was able to submit his tort claim. *Id.* ¶ 38. Also relevant is Plaintiff's averment that "[h]ad it not been for the bureau's repeated instruction that a prisoner 'must complete a Standard Form 95' to file a federal tort claim, [h]e would not have harbored the erroneous belief that a SF-95 Form was indispensable to filing a federal tort claim." *Id.* ¶ 40. Finally, as Exhibit 5 to his affidavit, Plaintiff incorporates the December 20, 2012, response by the General Counsel of the United States Marshals Service to Plaintiff's belatedly-filed tort claim. *Id.* ¶ 42. That response states, in part, that Plaintiff "submitted [his] claim on a handwritten letter rather than an SF-95 . . . ." *Id.*, Ex. 5, at 1.

### b. Defendant.

The declaration in support of Defendant's reply to Plaintiff's claim for equitable relief establishes that Plaintiff was designated to USP Pollock from September 24, 2010 until August 22, 2012; to USP Victorville from August 23, 2012 until September 7, 2012; and to USP Atwater from September 7, 2012 until well-after the expiration of the two-year period following the incident at issue. Doc. 47, Ex. 1, ¶ 5, Attach 1.

According to the declaration, Standard Form 95s are available at the USP

Pollock law library. Doc. 47, Ex. 1, ¶ 6. In addition, the law library of each of the facilities where Plaintiff was designated during the two-year period following the incident at issue provided law library access to non-restricted Bureau of Prisons Program Statements and to the Code of Federal Regulations. *Id*. Ex. 1, ¶¶ 5, 6, Attach. 3. Bureau of Prisons Program Statement No. 1320.06 addresses the Federal Tort Claims Act and provides that "[a] claim may also be filed without an SF-95" if it includes certain designated information. *Id*. Ex. 1, ¶ 7, Attach. 4, at 3.

The declaration further establishes that during the two-year period following present incident, Plaintiff logged over 650 library hours. *Id*. Ex.1, ¶ 10, Attach. 6.

### 3. Proposed findings and conclusions based on the evidence of record.

1. Prior to the incident at issue here, Plaintiff filed an administrative tort claim with the Office of the United States Marshals Service by filing a Standard Form 95. *See* Doc. 44, ¶¶ 4, 43, Ex. 5, at 3. Plaintiff's claim sought monetary compensation for alleged personal injury arising from an assault by the same inmate involved in the present matter. *Id*. ¶¶ 4, 43, Ex. 5, at 1-3.

2. Plaintiff intended to file his claim regarding the incident at issue against the Office of General Counsel of the United States Marshals Service.

*Id.*, ¶ 16.

3. The address of the General Counsel of the United States Marshals Service was in Plaintiff's personal property and his possession until April 23, 2012, nineteen months following the incident at issue. *Id.* ¶¶ 12, 13, 16. Plaintiff also had access, though not "substantial access," *id.* ¶ 25, to his personal property and, thus, the address he needed, from August 22, 2012 – or, arguably, from August 3, 2012[2] – until September 7, 2012. *Id.* ¶¶ 23, 25, 26.

4. During the two-year period following the incident at issue here, Plaintiff logged over 650 law library hours. Doc. 47, Ex.1, ¶ 10, Attach. 6.

5. During the initial nineteen months of the two-year period following the incident at issue here, Plaintiff had access to Standard Form 95s, the Code of Federal Regulations, and Bureau of Prisons Program Statement No. 1320.06 at his law library. *Id.*, Ex. 1,¶¶ 5, 6, Attach. 3. Immediately before the expiration of the two-year period – from August 25, 2012 until September 20,

---

[2] The Court takes judicial notice that in *Reid v. Federal Bureau of Prisons,* Case No. 13-cv-2149, Western District of Louisiana, Plaintiff sought judicial review of a disciplinary conviction he received in late 2011 while housed at USP Pollock. Contrary to his claim in the instant matter that he had no access to his stored property until August 22, 2012, Plaintiff submitted documentation in that case where he had written, "Fortunately, after many requests to the property officer beginning in June, I was finally given access to my stored property on August *3*, 2012 . . . ." Case No. 13-cv-2149, Doc. 1, Attach. A, at 3 (emphasis added).

2012 – Plaintiff had access to the Code of Federal Regulations and Bureau of Prisons Program Statement No. 1320.06. *Id.* During those last four weeks, Plaintiff logged over twenty hours of library access. *Id.*, Ex.1, ¶ 10, Attach. 6.

6. Bureau of Prisons Program Statement No. 1320.06, Federal Tort Claims Act, notifies inmates that they may file an administrative tort claim without a Standard Form 95 as long as the inmate provides certain specified information. U.S. Dep't of Justice, Bureau of Prisons Program Statement No. 1320.06, Federal Torts Claims Act ¶ 7(b) (Aug. 2, 1003).

7. The Code of Federal Regulations provides in part that

> [f]or purposes of the provisions of 28 U.S.C. 2401(b) . . . a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 *or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury . . . alleged to have occurred by reason of the incident . . . ."*

28 C.F.R. § 14.2(a) (emphasis added). No exception is made for a filing by a prisoner. *Id.*

8. Plaintiff learned from reading Bureau of Prisons Program Statement No. 1320.06 that he was not required to use Standard Form 95 to file his tort claim. Doc. 44, ¶¶ 36, 38. The tort claim he submitted was, in fact, handwritten. *Id.*, Ex. 5, at 1.

9. "Federal courts have typically extended equitable relief only

16

sparingly." *Irwin*, 498 U.S. at 96. Equitable tolling applies "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or . . . has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*. "[W]here the claimant failed to exercise due diligence in preserving his legal rights," or where the claimant advances only a "garden variety claim of excusable neglect," the courts are "much less forgiving." *Id*.

10. It is reasonable to conclude from the foregoing facts that Plaintiff had the means at hand to determine how and where to properly file an administrative tort claim within the two-year period following the September 22, 2010 incident. He simply failed to use them. Defendant did not prevent him, by trickery or otherwise, from filing his claim in a timely matter.

11. It is reasonable to conclude that Plaintiff may not rely on equity to redress what was his own failure to diligently pursue his tort claim.

12. Accordingly, the limitations period established in 28 U.S.C. § 2401(b) should not be equitably tolled in this case. Plaintiff's claim against Defendant is time-barred. As such, dismissal of the action for lack of subject matter jurisdiction is mandated. *Dahl*, 319 F.3d at 1228.

### III. Recommendation and notice of right to object.

For these reasons, the undersigned Magistrate Judge recommends that Defendant's motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), Doc. 19, be granted and that the action be dismissed, without prejudice, for lack of subject matter jurisdiction. If this recommendation is granted, Plaintiff's motion to amend his complaint, Doc. 42, will be moot.

The parties are advised of their right to object to this Report and Recommendation by March 26, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 12th day of March, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE